**FROTHINGHAM v. MELLON, Secretary of the Treasury, et al. \***

(Court of Appeals of District of Columbia. Submitted March 16, 1923. Decided March 21, 1923.)

No. 3967.

Appeal and error ⊚⟞811—Decision can be expedited at request of parties in interest of public welfare.

Though the government is not entitled to any privilege in the courts, so far as the merits of a controversy between it and a citizen are concerned, the court can, on a showing made by the Department of Justice that public policy requires the advancement of the cause, grant a request, in which the other party joins, for an immediate disposition of an appeal without examination on the merits, in order that the question involved therein, which is of great public interest and should be adjudicated at an early date, may be presented to the United States Supreme Court in time to be heard in that court with another case pending therein involving the same question.

Appeal from the Supreme Court of the District of Columbia.

Suit by Harriet A. Frothingham against Andrew W. Mellon, Secretary of the Treasury, and others. Bill dismissed, and plaintiff appeals. Decree affirmed pro forma.

W. H. Lamar and L. Q. C. Lamar, both of Washington, D. C., for appellant.

Peyton Gordon, and Vernon E. West, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. This is a suit based on the assumption that the Act of Congress approved November 23, 1921 (42 Stat. 224), and otherwise known as the Maternity Bill, is an unwarranted exercise of power by Congress. An injunction was sought to restrain the appellees

from enforcing it. The court of first instance sustained a motion to dismiss the bill.

Pending in the Supreme Court of the United States is another case that involves the same question, which is set for hearing in that court on the 9th day of April next. Counsel suggest that there is doubt as to the jurisdiction of the court to entertain it. Both cases, it is said, involve a matter of great public interest which should be adjudicated at an early date. For these reasons the Department of Justice, representing the appellees, the appellant concurring, has asked the court to expedite the disposition of this case, so that an appeal from our decision may be lodged in the Supreme Court of the United States in time to be argued and submitted with the other case.

If we take the necessary time after oral arguments and submission to properly consider the case on the merits, and write an opinion such as would reflect our best judgment, the cause would not be docketed in the Supreme Court in time to be heard with the other case. While the government is not entitled to any privilege in the courts, so far as the merits of a controversy between it and a citizen are concerned, when a showing is made by the Department of Justice, such as we have here, that public policy requires the advancement of a cause, and the other party joins in the showing, we think it not improper to grant the request. For the course we take there is authority in New et al. v. Wilson, decided by the District Court of the United States for the Western Division of the Western District of Missouri. The opinion of Circuit Judge Hook, who spoke for the court, is not reported, but appears in the transcript of the record in Wilson v. New, 243 U. S. 332, 37 Sup. Ct. 298, 61 L. Ed. 755, L. R. A. 1917E, 938, Ann. Cas. 1918A, 1024. See, also, the decision of the Supreme Court of the United States in Crown Die & Tool Co. v. Nye Tool & Machine Works, 43 Sup. Ct. 254, 67 L. Ed. ——, decided February 19, 1923.

Consequently we hold pro forma that the decree should be affirmed; and it is so ordered, the costs to be assessed against the appellant.

Motion for appeal to the United States Supreme Court granted March 24, 1923.